IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSEPH COTTLE RECORD,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND DISMISSING CASE<br><br><br><br><br><br>Civil Case No. 2:07-CV-823 TS<br><br>Criminal Case No. 2:06-CR-245 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[1] For the reasons discussed below, the Court will deny the Motion and will close this case.

I. BACKGROUND

On April 12, 2006, Petitioner was charged in a two-count Indictment with one count of distribution of child pornography and one count of possession of child pornography.[2] On June 27, 2006, Petitioner pleaded guilty to Count II of the Indictment—possession of child

---

[1]Docket No. 1 in Case No. 2:07-CV-823 TS.

[2]Docket No. 8 in Case No. 2:06-CR-245 TS.

1

pornography.[3]  As part of his plea agreement, Petitioner agreed to waive his appellate rights, including the right to challenge his sentence, and the manner in which the sentence was determined, in any collateral review motion, including a motion brought under 28 U.S.C. § 2255.[4]  In exchange for his guilty plea and waiver of appellate rights, the government agreed to recommend that Petitioner receive credit for acceptance of responsibility and dismiss Count I of the Indictment at the time of sentencing.[5]

Petitioner was sentenced on October 30, 2006.[6]  Petitioner was sentenced to the mandatory minimum term of imprisonment of 120 months, followed by a lifetime term of supervised release.[7]  Judgment was entered on November 1, 2006.[8]  Petitioner did not pursue direct appeal.

Petitioner filed the instant Motion on October 29, 2007.[9]  As an initial matter, the Court finds Petitioner's Motion to be timely filed.  Petitioner raises three issues in his Motion: (1) that there was inaccurate information on the presentence report; (2) that his sentence is illegal on double jeopardy grounds; and (3) that he received ineffective assistance of counsel.  The government was ordered to respond,[10] but has failed to do so.

---

[3] Docket No. 24 in Case No. 2:06-CR-245 TS.

[4] Docket No. 25 in Case No. 2:06-CR-245 TS.

[5] *Id*.

[6] Docket No. 29 in Case No. 2:06-CR-245 TS.

[7] *Id*.

[8] Docket No. 30 in Case No. 2:06-CR-245 TS.

[9] Docket No. 1 in Case No. 2:07-CV-823 TS.

[10] Docket No. 2 in Case No. 2:07-CV-823 TS.

II.  ANALYSIS

A.    APPEAL WAIVER

In his plea agreement,[11] Petitioner waived both his direct and collateral appeal rights as follows:

> Fully understanding my limited right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, except, (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report.
>     I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255.[12]

In exchange for Petitioner's plea of guilty and the waiver of his direct and collateral appeal rights, the government agreed to: (1) recommend that Petitioner receive credit for acceptance of responsibility; and (2) dismiss Count I of the Indictment at the time of sentencing.

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."[13]  In determining the enforceability of such waivers, the Court is to consider "(1) whether the disputed appeal falls within the scope of the

---

[11]Docket No. 25 in Case No. 2:06-CR-245 TS.

[12]*Id*. at ¶ 10.

[13]*United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[14]

    1.    *Scope of Appeal Waiver*

As noted above, Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255."[15]  The waiver contained only two exceptions: "(1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report."[16]

Not only does this language provide for a clear, express waiver of collateral appeal rights, it also references the exact statutory provision under which this action is brought—§ 2255.  The Court detects no ambiguity whatsoever in the language.

The Tenth Circuit has held that a waiver of post-conviction rights "does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."[17]  Petitioner makes only a general claim of ineffective

---

[14]*United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)).

[15]Docket No. 25 in Case No. 2:06-CR-245 TS.

[16]*Id*.

[17]*Cockerham*, 237 F.3d at 1187.

assistance of counsel, stating "I wrote many letters to me (sic) attorney and made many phone calls to her and only once or twice was I able to speak to her.  She never once answered any of my letters or sent the information or help I requested."[18]   Petitioner's allegations do not challenge the validity of the plea or of the waiver.  Therefore, the exception stated in *Cockerham* does not apply here.  Thus, the Court finds that all of Petitioner's claims are within the scope of the waiver.

    2.    *Knowing and Voluntary Waiver*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[19]  In determining whether an appellate waiver is knowing and voluntary, the Court looks to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily,"[20] and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[21]  Further, the Supreme Court has stated that "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may now know the *specific detailed* consequences of invoking it."[22]

---

[18]Docket No. 1 in Case No. 2:07-CV-823 TS.

[19]*Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

[20]*Id*. at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

[21]*Id*. (internal citations omitted).

[22]*United States v. Ruiz*, 536 U.S. 622, 629-30 (2002) (emphasis in original).

First, the Court finds that the language of the plea agreement at issue here expressly states that Petitioner entered into the agreement knowingly and voluntarily. The language of the appeal waiver states that "[f]ully understanding my limited right to appeal my sentence . . . I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined" and further that "I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255."[23]

Next, the Court finds that there was an adequate Rule 11 colloquy conducted on the record between the Court and Petitioner.[24] The Court notes that Petitioner bears the "burden to present evidence from the record establishing that he did not understand the waiver."[25] The Petitioner has presented no evidence that his plea or the waiver was not knowingly and voluntarily entered into.

Further, in the written plea agreement, Petitioner signed his name beneath the following statements, among others: "No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea. . . . I have discussed this case and this plea with my lawyer as much as I wish to. I am satisfied with my lawyer. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not

---

[23] Docket No. 25 in Case No. 2:06-CR-245 TS.

[24] *See* Docket No. 24 in Case No. 2:06-CR-245 TS.

[25] *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

under the influence of any drugs, medication or intoxicants when the decision to enter the plea was made and I am not now under the influence of any drugs, medication or intoxicants. I have no mental reservations concerning the plea."[26]

Considering the above, the Court finds that both Petitioner's plea of guilty and his collateral appeal waiver were "knowingly and voluntarily made."

3.   *Miscarriage of Justice*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[27]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[28]

Petitioner bears the burden of establishing a miscarriage of justice.[29]

There is no evidence of any of the circumstances set forth above. First, there is no evidence that the Court relied upon an impermissible factor. Second, there is no evidence of ineffective assistance of counsel in connection with the negotiation of the plea or waiver. As discussed above, Petitioner's ineffective assistance claim is general and Petitioner does not allege ineffective assistance in relation to the negotiation of the plea or waiver. Third, the sentence

---

[26] Docket No. 25 in Case No. 2:06-CR-245 TS.

[27] *Hahn*, 359 F.3d at 1327 (internal citations omitted).

[28] *Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

[29] *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

issued here did not exceed the statutory maximum.  Indeed, because of Petitioner's prior conviction, Petitioner was sentenced to the mandatory *minimum* sentence.[30]  The maximum possible sentence was 20 years.[31]  Finally, while Petitioner does argue that the conviction violated his Fifth Amendment rights, as discussed below, this claim is procedurally barred and without merit.

The Court finds that this collateral appeal is within the scope of Petitioner's waiver, that the waiver was knowing and voluntary, and that enforcing the waiver would not result in a miscarriage of justice.  Therefore, this Court will enforce Petitioner's waiver.

B.     PROCEDURAL BAR

In addition to being waived, Petitioner's claims are procedurally barred.

The Supreme Court has ruled that, because "a final judgment commands respect," it has "long and consistently affirmed that a collateral challenge may not do service for an appeal."[32] Generally, the Tenth Circuit has held that § 2255 cannot be used to test the legality of matters which should have been raised on appeal.[33]  Further, if an issue is not raised on direct appeal, the defendant "is barred from raising the issue in a § 2255 motion proceeding, unless he establishes

---

[30]*See* 18 U.S.C. § 2252A(b)(2).

[31]*See id*.

[32]*United States v. Frady*, 456 U.S. 152, 165 (1982).

[33]*United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

either cause excusing the procedural default and prejudice resulting [from] the error or a fundamental miscarriage of justice [if] the claim is not considered."[34]

Here, Petitioner did not pursue direct appeal. Therefore, because the three issues presented in the instant § 2255 Motion were not raised and Petitioner did not pursue direct appeal, Petitioner's Motion is procedurally barred, and can only be considered by the Court if the *Frady* factors are satisfied.

      *a.*    *Cause and Prejudice*

To be granted relief from the procedural bar under this analysis, a petitioner must establish both cause *and* prejudice. Therefore, even if Petitioner argues that he was prejudiced, he must also argue that sufficient cause existed in order for the Court to peer past the procedural bar.

> Complicating this cause-and-prejudice inquiry is the fact that the Supreme Court has never "attempted to establish conclusively the contours of the standard." Nevertheless, certain general guidelines have emerged from the Court's jurisprudence. A petitioner must first show "cause" for his failure to raise the legal claim in an earlier petition. Habeas petitioners may not choose to withhold claims for disposition in later proceedings, and even negligence in discovering a claim will not excuse a delay. Instead, a petitioner must show that his efforts to raise the claim at earlier stages were "impeded" by "some objective factor external to the defense," for example, where "the factual or legal basis for a claim was not reasonably available to counsel" during earlier proceedings. The standard is an *objective* one, asking not what a particular attorney or pro se petitioner actually knew but whether the claim was "reasonably available" upon diligent inquiry.[35]

---

[34] *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also Frady*, 456 U.S. at 167-68 (A defendant can overcome this bar only by showing cause for the procedural default and actual prejudice resulting from the alleged sentencing error).

[35] *Daniels v. United States*, 254 F.3d 1180, 1190 (10th Cir. 2001) (internal citations omitted) (emphasis added).

The Supreme Court has further clarified that the cause and prejudice standard "applies even in cases in which the alleged constitutional error impaired the truthfinding function of the trial."[36]  Further, the Supreme Court "has long understood the vital interest served by federal procedural rules, even when they serve to bar federal review of constitutional claims."[37]

"As for prejudice, a petitioner must show 'actual prejudice resulting from the errors of which he complains.'  More specifically, a petitioner must demonstrate 'actual prejudice resulting from the alleged constitutional violation.'"[38]

Here, Petitioner does not address his failure to raise these issues in the underlying criminal case or to file a direct appeal.  As a result, the Court finds that Petitioner has not argued, nor has he produced any evidence, that his efforts to raise this issue prior to this § 2255 appeal were impeded by some objective factor external to the defense, or that the factual or legal basis for a claim was not reasonably available to counsel during earlier proceedings.  Petitioner has not made any explanation for his failure to raise these issues at the appropriate time or in the appropriate context.  While Petitioner has alleged ineffective assistance of counsel, his ineffective assistance claims are merely conclusory.

---

[36]*Coleman v. Thompson*, 501 U.S. 722, 747 (1991).

[37]*Id*. at 751 (emphasis omitted) (citing *Yakus v. United States*, 321 U.S. 414, 444 (1944)) ("No procedural principal is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.").

[38]*Johnson v. Champion*, 288 F.3d 1215, 1226-27 (10th Cir. 2002) (quoting *Frady*, 456 U.S. at 168, and *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).

Based upon the above, the Court further finds that Petitioner has established neither cause nor prejudice under *Frady*[39] which would excuse his procedural default. Therefore, Petitioner's claims are procedurally barred.

        b.        *Fundamental Miscarriage of Justice*

In order to establish a "fundamental miscarriage of justice," Petitioner must make a colorable showing of innocence.[40] Indeed, the Tenth Circuit has stated that "the § 2255 movant who challenges his conviction can overcome the procedural bar if he can demonstrate that the constitutional error 'has probably resulted in the conviction of one who is actually innocent.'"[41]

Here, Petitioner does not argue that he was innocent. Given the Court's findings herein, the Court further finds no miscarriage of justice in this case which would remove the *Frady* procedural bar.

C.    INEFFECTIVE ASSISTANCE OF COUNSEL

Even if Petitioner's ineffective assistance of counsel claim was not barred by his waiver of post-conviction rights, the Court finds that it lacks merit.

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[42]

---

[39] 456 U.S. at 167-68.

[40] *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

[41] *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002).

[42] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

To successfully claim ineffective assistance then, Petitioner must show two things. First, he must show that Counsel functioned deficiently.[43] "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[44] Second, he must show that Counsel's deficient functioning prejudiced Petitioner's defense.[45] "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[46] Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[47]

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[48] In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[49] Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[50]

---

[43] *Strickland*, 466 U.S. at 687.

[44] *Id*.

[45] *Id*.

[46] *Id*.

[47] *Id*.

[48] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[49] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[50] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

Petitioner makes only a general claim of ineffective assistance of counsel. Petitioner states: "I wrote many letters to me (sic) attorney and made many phone calls to her and only once or twice was I able to speak to her. She never once answered any of my letters or sent the information or help I requested."[51] Petitioner has alleged no prejudice from counsel's supposed ineffectiveness. As such, Petitioner's ineffective assistance claim is without merit.

D.  DOUBLE JEOPARDY

Petitioner makes a cursory challenge on Double Jeopardy grounds. Petitioner states "I feel this sentence violates my 5th. ammendment (sic) rights regarding double jeopardy."[52] Without more, the Court can only assume that Petitioner is challenging the fact that, as a result of his previous conviction, he was subject to a sentencing enhancement.[53] It is settled law that recidivism sentencing enhancements do not implicate the Double Jeopardy clause of the Fifth Amendment.[54] Petitioner was made aware of the maximum sentence and the minimum mandatory sentence in his Statement in Advance of Plea.[55] Thus, Petitioner's Double Jeopardy claim is without merit.

---

[51] Docket No. 1 in Case No. 2:07-CV-823 TS.

[52] *Id*.

[53] *See* 18 U.S.C. § 2252A(b)(2).

[54] *See, e.g., United States v. Andrews*, 447 F.3d 806, 810 (10th Cir. 2006) (quoting *Witte v. United States*, 515 U.S. 389, 400 (1995)) ("The Supreme Court has consistently rejected double jeopardy challenges to recidivism statutes, stating that 'the enhanced punishment imposed for the later offense is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes but instead as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'").

[55] Docket No. 25 in Case No. 2:06-CR-245 TS.

## III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:07-CV-823 TS.) is DENIED for the reasons set forth above.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close Case No. 2:07-CV-823 TS forthwith.

DATED   January 17, 2008.

       BY THE COURT:

       _____
       TED STEWART
       United States District Judge